(C. D. 295)

AMERICAN EXPRESS CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 8, 1940)

G. W. R. Wallace; Barnes, Richardson & Colburn, Associate Counsel (Joseph Schwartz of counsel), for the plaintiff.

Webster J. Oliver, Assistant Attorney General (Samuel D. Spector, special attorney), for the defendant.

Before BROWN and KEEFE, Judges

BROWN, Judge: This suit against the United States was brought at Chicago, Ill., and there tried, to recover certain customs duties claimed to have been illegally exacted on certain needle-point tapestries imported from Belgium. Evidence was also taken by commission to that country.

The collector of customs took duty by virtue of paragraph 1119 of the Tariff Act of 1930 on the basis of 50 cents per pound and 60 per centum ad valorem. Said paragraph reads as follows:

PAR. 1119. Tapestries and upholstery goods (not including pile fabrics), in the piece or otherwise, wholly or in chief value of wool, shall be subject to the applicable rates of duty imposed upon woven fabrics of wool in paragraph 1108 or 1109.

The plaintiff claims the goods to be dutiable at only 40 per centum ad valorem under paragraph 923 reading as follows:

PAR. 923. All manufactures, wholly or in chief value of cotton, not specially provided for, 40 per centum ad valorem.

or in the alternative at only 55 per centum ad valorem under paragraph 908 reading:

PAR. 908. Tapestries and other Jacquard-figured upholstery cloths (not including pile fabrics or bed ticking) in the piece or otherwise, wholly or in chief value of cotton or other vegetable fiber, 55 per centum ad valorem.

Judge Keefe, who took the testimony while on circuit duty at Chicago, is assigned to constitute, with the writer, Division One for the determination of this case.

We think that the evidence taken by commission establishes that the component material of chief value was cotton. Therefore the merchandise is not dutiable under the wool schedule as assessed. See United States v. Bacharach, 18 C. C. P. A. (Customs) 353, T. D. 44612.

Several samples illustrative of the merchandise in controversy were admitted in evidence without objection and marked Illustrative Exhibits A to D.

The plaintiff's witness, Albert Nadler, testified that, based on his knowledge and experience in the upholstery business, Illustrative Exhibits A to D did not consist of Jacquard-figured upholstery cloth. This testimony was neither objected to nor contradicted. This in our opinion amply establishes the fact the merchandise of which the Illustrative Exhibits A to D are representative does not consist of Jacquard-figured upholstery cloth.

The plaintiff having shown that the merchandise here involved is in chief value of cotton and as to the merchandise represented by Illustrative Exhibits A to D does not consist of Jacquard-figured upholstery cloth, we hereby sustain the claim in the protest for duty at the rate of 40 per centum ad valorem under paragraph 923, Tariff Act of 1930, as to those items of merchandise covered by the protest which are represented by Illustrative Exhibits A, B, C, and D; and as to such items covered by the protest that are not represented by Illustrative Exhibits A, B, C, and D we hereby sustain the claim in the protest for duty at the rate of 55 per centum ad valorem under paragraph 908, Tariff Act of 1930, in the absence of testimony as to these items that they are not Jacquard-figured. Judgment will issue accordingly.